### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY CASPERSEN, </br></br>        Plaintiff, </br></br>vs </br></br>MONARCH BROADCASTING, INC., </br>a Minnesota Corporation, </br></br>        Defendant. | ) </br>) </br>) </br>) </br>)   CIV-07-1237-R </br>) </br>) </br>) </br>) </br>) |

## ORDER

Before the Court is Defendant's motion for summary judgment on Plaintiff's Complaint. Doc. No. 22. Based upon the assertedly undisputed facts, Defendant seeks summary judgment on Plaintiff's ADEA claim on the grounds that he cannot establish a *prima facie* case of age-based termination because he was not replaced by a younger person and, assuming he can establish a *prima facie* case, Defendant had a legitimate non-discriminatory reason for terminating Plaintiff's employment and Plaintiff cannot show pretext. Defendant also seeks summary judgment on Plaintiff's ADEA claim on the grounds that Plaintiff cannot establish a *prima facie* case of disability discrimination because he cannot establish that he is disabled within the meaning of the ADA or was regarded by Defendant as disabled and for the additional reasons that Defendant had a legitimate nondiscriminatory reason for his termination and Plaintiff cannot prove pretext.

        To establish a *prima facie* case of age discrimination under the ADEA, Plaintiff must prove that he was 1) within the protected class of individuals 40 or older; 2) performing satisfactory work; 3) terminated from employment; and 4) replaced by a younger person. See, e.g., Adamson v. Multi Community Diversified Services, Inc., 514 F.3d 1136, 1146 (10th Ccir. 2008). The first three

elements are undisputed in this case. Defendant has submitted evidence that Matt Ward, President of Monarch Broadcasting, Inc., began looking for a replacement for Kelli Jensen, a sales representative who left in December of 2006, and that Shan Ornelas called Ward in early 2007 and conveyed her interest in working as a sales representative. Affidavit of Matt Ward (Exhibit "1" to Defendant's Brief) at ¶12. Ward stated that he hired Ornelas "as part of my consistent effort to find an additional sales representative, not as a replacement for Caspersen [the Plaintiff]." Id. Defendant has also submitted evidence that after Plaintiff was terminated, some of Caspersen's accounts, specifically two, were assigned to Sales Representative Minnick; some, specifically one, were transferred to Malloy; two of Plaintiff's accounts have been called on by Ward; and a number of the Plaintiff's accounts were transferred to Ornelas, who also received a number of accounts (12) that Plaintiff had not called on. Affidavit of Dean Minnick, former Sales Manager for Defendant (Exhibit "2" to Defendant's Brief) at ¶14. However, evidence submitted by Plaintiff reveals that Ornelas was not interviewed by Ward until April of 2007, Deposition of Shan W. Ornelas (Exhibit "2" to Plaintiff's Response) at pp. 13-14, after Plaintiff was terminated on March 30, 2007, and did not begin employment with Defendant until April 17, 2008. Id. at p.24. Ornelas testified that Ward told her when he interviewed her that he had let a sales representative go and that she could come in and fill that position. Id. at pp.13-14.

    Defendant's own evidence is that Ornelas received the bulk of Plaintiff's accounts to service as well as others and Ornelas' testimony suggests that she received a list of Plaintiff's accounts to service. See id. at pp 26-28. Accordingly, the Court finds that a genuine issue of material fact exists as to whether Plaintiff was replaced by a younger person, Ornelas, age forty. Reasonable jurors could find that Ornelas replaced Plaintiff even though there was not complete identity between the accounts assumed by Ornelas and the accounts previously assigned to Plaintiff.

However, Defendant has articulated legitimate, nondiscriminatory reasons for Plaintiff's termination – Plaintiff's poor attitude and insubordination manifested by, among other things, angry outbursts and refusals to do what he was directed by Ward to do, and Plaintiff has wholly failed to present any evidence from which reasonable jurors could find that these reasons were false and a pretext for age discrimination.  The fact that Ward never publicly disclosed the reasons for Plaintiff's termination but simply responded to inquiries as to where the Plaintiff was by stating "[h]e's no longer with the company," Deposition of Matthew Ward (Exhibit "3" to Plaintiff's Response at p. 71, does not raise a genuine issue as to whether Defendant's articulated reasons were a pretext for age discrimination.  Nor does the fact that the radio station's increased costs due to the hiring of an Operations Director and an Engineer and costs of health insurance was a factor in Plaintiff's termination create a genuine issue as to whether Defendant's reasons for Plaintiff's termination were a pretext <u>for age discrimination</u>.  This is particularly true when it is considered that the other employees' health insurance premiums were as high or higher than Plaintiff's, see Health Insurance Documents (Exhibit "5" to Plaintiff's Brief) at DO 1458, and that Keith Dobson and Tom Malloy were both older than the Plaintiff and Dean Minnick was only four years younger than the Plaintiff.

With respect to Plaintiff's disability discrimination claim under the ADA, the Court agrees with Defendant that Plaintiff has wholly failed to show that he is disabled within the meaning of the ADA, that is, that he had a physical or mental impairment that substantially limited him in one or more major life activities, or that Defendant regarded Plaintiff as disabled, <u>see</u> Sutton v. United Air Lines, Inc., 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed. 2d 450, 466-67 (1999) (regarded as disabled requires a showing that the defendant either mistakenly believes that the person has a physical impairment that substantially limits one or more major life activities or mistakenly believes

that an actual, non-limiting impairment substantially limits one or more major life activities); see also E.E.O.C. v. Heartway Corp. 466 F.3d 1156, 1162 (10th Cir. 2006).  It has generally been held that although diabetes may qualify as a physical impairment for ADA purposes, it is not an impairment that substantially limits a major life activity, see Wilson v. MVM, Inc., 475 F.3d 166, 179 (3rd Cir. 2007); Collado v. United Parcel Serv. Co., 419 F.3d 1143, 1156 (11th Cir. 2005); Berg v. Norand Corp., 169 F.3d 1140, 1145 (8th Cir. 1999), and in any event, Plaintiff has not shown that his diabetes substantially limits him in any major life activity.  Additionally, Plaintiff has failed to show that he was terminated under circumstances that create an inference that the termination was based on a disability the Plaintiff had or was regarded as having.  This is particularly true given that other employees, specifically Minnick and Malloy, also have diabetes and that other employees' health insurance premiums equal or exceed the Plaintiff's.  Thus, Plaintiff has failed to present evidence establishing two of the essential elements of a *prima facie* case of disability discrimination.  See Ainsworth v. Independent School District No. 3 of Tulsa County, 232 Fed. Appx. 765, 770 (10th Cir. April 23, 2007) (citing Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 & n. 3 (10th Cir. 1997)).  Additionally, Defendant has proffered legitimate, nondiscriminatory reasons for Plaintiff's termination, see above, and Plaintiff has failed to present evidence that Defendant's reasons were a pretext for disability discrimination.

In accordance with the foregoing, Defendant's motion for summary judgment [Doc. No. 22] is **GRANTED.**

IT IS SO ORDERED this 22nd day May 2008.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE